UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MITCHELL, | No. 2:22-cv-2232 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

  Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

  On March 8, 2023, the court screened plaintiff's amended complaint.  The amended complaint was dismissed with leave to file a second amended complaint.  Plaintiff has filed a second amended complaint which the court now screens.

  As in plaintiff's amended complaint, plaintiff complains about the loss of personal property.  As plaintiff already knows, the United States Supreme Court has held that "an

1

1  unauthorized intentional deprivation of property by a state employee does not constitute a
2  violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment
3  if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S.
4  517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only
5  authorized, intentional deprivations constitute actionable violations of the Due Process Clause.
6  An authorized deprivation is one carried out pursuant to established state procedures, regulations,
7  or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of
8  Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

9  Here, plaintiff has not alleged any facts which suggest that the deprivation of his property
10 was authorized.  The California Legislature has provided a remedy for tort claims against public
11 officials in the California Government Code, §§ 900, et seq.  Accordingly, plaintiff has no claim
12 for loss of property under the Due Process Clause of the Fourteenth Amendment and plaintiff
13 fails to articulate any other valid federal legal basis for his loss of property claim.[1]

14 For these reasons, the court will recommend that plaintiff's second amended complaint be
15 dismissed.  Since it appears plaintiff cannot, in good faith, state a claim upon which relief can be
16 granted with respect to his property issues, the court will not grant leave to amend a second time.

17 In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court
18 assign a district court judge to this case.

19 IT IS HEREBY RECOMMENDED that:

20 1.  Plaintiff's second amended complaint be dismissed; and

21 2.  This case be closed.

22 These findings and recommendations are submitted to the United States District Judge
23 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
24 after being served with these findings and recommendations, plaintiff may file written objections

---

[1] Plaintiff attempts to assert a claim under the Americans with Disabilities Act.  He suggests prison officials did not adequately assist plaintiff in his efforts to locate his lost property and to seek reimbursement for the property.  However, plaintiff fails to indicate with any specificity what the California Department of Corrections and Rehabilitation should have done to accommodate any disability plaintiff may have, and then how that failure resulted in plaintiff suffering injury.

with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 29, 2023

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mitc2232.14